———o———

CHARLES L. TERRY *vs.* MARY J. PARSONS, WILLIAM H. PARSONS and OLIVE W. PARSONS, trading under the firm name and style of M. J. PARSONS and SONS.

1. SALES—BREACH OF CONTRACT—ACTION FOR DAMAGES—BURDEN OF PROOF.

Plaintiff in an action for damages for a breach of a contract to furnish peach carriers had the burden of showing by a preponderance of the evidence the existence of the alleged contract, the defendant's breach, and his own damage thereby.

2. CONTRACTS—DEFINITION.

A contract is an agreement for a valuable consideration to do or not to do a particular thing, which may be express or implied, and an express contract may be oral or written.

3. SALES—REQUESTS—MEETING OF MINDS—"CONTRACT."

A promise on the part of defendant to sell and deliver a certain number of peach carriers at a certain time at a fixed price, and a promise on the part of plaintiff to accept and pay for them, would constitute a contract binding between the parties, whether the agreement was oral or written.

4. SALES—ACTION FOR BREACH—VERDICT.

In an action for damages for breach of a contract to sell and deliver peach carriers, the jury, if finding that there was no contract, should return a verdict for defendant, as if there was no contract there could be no breach.

5. SALES—BREACH OF CONTRACT—DAMAGES.

On the breach of a contract to sell and deliver a certain number of peach carriers in a given time at a fixed price, the plaintiff might recover the loss shown to have been sustained by the breach, measured by any decrease in the price of the peaches because of their being overripe or because they had to be shipped in second-hand carriers or baskets, the value of those wholly lost and any extra expenses to plaintiff for labor and teams caused by the delay in picking, packing, or hauling.

(*February* 27, 1918.)

PENNEWILL, C. J., and BOYCE and RICE, J. J., sitting.

*Henry Ridgely* and *George M. Fisher, Jr.,* for plaintiff.

*James M. Satterfield* and *Wm. Watson Harrington* for defendants.

Superior Court, Kent County, February Term, 1918.

ACTION OF ASSUMPSIT, No. 23, February Term, 1916.

Action brought by Charles L. Terry against Mary J. Parsons and others trading as M. J. Parsons and Sons, to recover damages growing out of a breach of contract.  Verdict for plaintiff.

Testimony respecting special damages such as are indicated in the following statement of facts was introduced against objections for the defendants.

The plaintiff seeks to recover damages from the defendants, for pecuniary loss he claims to have sustained in packing and marketing a peach crop, resulting from defendants' failure to deliver a quantity of carriers under the terms of an alleged contract between the parties.

The plaintiff claims that upon the prior solicitation of William H. Parsons, representing the defendants, he did on or about the twelfth day of July, 1915, make a contract with the defendants whereby he was to purchase and the defendants were to sell and deliver to him twenty thousand carriers to be used by the plaintiff in packing his peach crop raised on his farms, in this state, one near Seaford in Sussex County and the other located near Dover in Kent County.   That under the terms of the alleged contract the defendants were to deliver the carriers at Seaford, at the price of fourteen cents per carrier, those of the Sussex farm to be hauled to the farm by the defendants, for which services they were to be allowed reasonable compensation by the plaintiff, and the carriers for the Kent County farm to be free on board cars at Seaford. That the quantity for each farm was to be later designated by the plaintiff but all to be delivered at Seaford between the fifteenth and twentieth of August.

That on August tenth he advised the defendants to deliver five thousand carriers at his farm in Sussex County, and ship four

thousand to Dover on the fourteenth, four thousand on the six-teenth, four thousand on the eighteenth, the remaining three thousand to be sent as might be later directed by plaintiff. That the defendants failed to ship the carriers to Dover on or before the twentieth and by reason of defendants' failure in that respect the plaintiff in order to market his fruit found it necessary to' pur-chase new and second hand carriers, also baskets for packing and placing on the market his peach crop. That as a result of defend-ants' failure to deliver the carriers as the plaintiff claims they agreed to do, the plaintiff was five days longer than he otherwise would have been in picking and packing the peaches, some of the peaches in the meantime becoming overripe and some eventually spoiling. The plaintiff claims he sustained damages in the amount of eight thousand and seventy-two dollars for extra labor and expenses; loss on peaches spoiling by reason of not having pack-ages to put them in; and the difference between the reduced price he did receive for fruit sent in second-hand carriers and what would have been the fair market price if they had been packed in new carriers; and the loss sustained by the deterioration of peaches as the result of delay in securing suitable substitutes for the carriers not delivered.

The plaintiff further claims that the defendants knew the purpose for which he intended to use the carriers, to wit, packing and marketing the peaches grown on his farms in Kent and Sussex Counties.

The defendants deny that they made a contract with the plaintiff for the sale and delivery of any certain quantity of car-riers but to the contrary contend that they refused to contract for the sale of any given quantity of the carriers to the plaintiff, and only agreed to sell him so many as they were able to manu-facture by the limited equipment of their factory, and this they claim they did.

The defendants further claim that the plaintiff did not suffer pecuniary loss in the amount and to the extent claimed by him, and for the peaches sold he secured full market price.

The plaintiff requested the court to charge the jury: That a promise to furnish on the one hand and a promise to pay for the

thing furnished on the other constitutes a binding contract between the parties whether written or by word of mouth.

That the promise or agreement of William H. Parsons is equivalent to the promise or the agreement of the defendant firm.

It being undenied that the defendants knew that the carriers were intended for the packing and marketing of peaches in the season of 1915, that if the jury believe the agreement was made as testified to by Charles L. Terry (it being undisputed that twelve thousand carriers were not delivered to the Dover farm between August 5th and August 20th), the jury should return a verdict for the plaintiff covering the loss sustained by the plaintiff, which loss would be the decrease in the price of peaches through their being overripe; the decrease in the price of the peaches which were shipped in secondhand carriers, the decrease in the price of peaches shipped in baskets, and the value of the peaches which were wholly lost according to the evidence.

Counsel for the defendants objected to the third prayer as misleading and as in effect stating a conclusion of fact which is not admitted but is denied; and requested the court to instruct the jury that if they should believe the defendants did not contract to deliver any special number of carriers for the year 1915, their verdict should be for the defendants.

It was urged for the plaintiff that the damages in this case could not be measured by the ordinary rule of the difference between the contract price and the market price of the carriers sold.

That as against a carrier for delay in delivery of perishable commodities, the damages are measured by the consequent deterioration of the articles shipped; and the failure of the carrier to take such commodities offered for shipment would render it liable for whatever loss ensued thereby.

That the delay in delivery, or the total failure to deliver, packages for perishable fruit will naturally and proximately result in the same damage as in the case of a carrier delaying or neglecting to transport such fruit.

That the damages which the plaintiff is entitled to recover in respect to the breach of the contract should be such as may fairly and reasonably be considered either as arising naturally— that is, according to the usual course of things, from such breach of contract itself—or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as the probable result of a breach of it. 1 *Sutherland on Damages*, § 50; *Neal v. Hardware Co.*, 122 *N. C.* 104, 29 *S. E.* 96, 65 *Am. St. Rep.* 697; *Bell v. Reynolds*, 78 *Ala.* 511, 56 *Am. Rep.* 52; *Richner v. Plateau L. S. Co.*, 44 *Colo.* 302, 305, 98 *Pac.* 178; *Simkins v. Western Union Telegraph Co.*, 97 *S. C.* 413, 81 *S. E.* 657; *Hammer v. Schoenfeeder*, 47 *Wis.* 455, 2 *N. W.* 1129; *Beeman v. Banta*, 118 *N. Y.* 538, 23 *N. E.* 887, 16 *Am. St. Rep.* 779; *Cummins v. Ennis*, 4 *Pennewill*, 425, 56 *Atl.* 377; *Howard Supply Co. v. Wells*, 176 *Fed.* 512, 100 *C. C. A.* 70; *Benton v. Fay & Co.*, 64 *Ill.* 417; *Manning v. Fitch*, 138 *Mass.* 273, 276–277.

RICE, J., after stating the facts as above, charged the jury:

[1] The plaintiff's action is based on a breach of an alleged contract, and for him to recover it is a burden on the plaintiff to prove to your satisfaction by a preponderance of evidence that there existed between the plaintiff and the defendants a contract as alleged by him, that there was a breach of the contract on the part of the defendants and the plaintiff was damaged thereby.

[2] A contract is an agreement for a valuable consideration to do or not to do a particular thing, and it may be express or implied and an express contract may be written or oral.

[3] A promise on the part of William H. Parsons, representing the firm of M. J. Parsons and Sons, to sell and deliver a certain number of carriers in a given time at a fixed price per carrier to the plaintiff, and a promise on the part of Charles L. Terry, the plaintiff, to accept and pay for the same would constitute a contract equally binding on the plaintiff and the defendant firm whether the agreement between the parties should be oral or written.

[4]   If you should find from the evidence that there was not a contract between the plaintiff and the defendants, as alleged by the plaintiff, then your verdict should be for the defendants for if there was no contract between the parties, there could not be a breach on the part of the defendants.

If on the other hand you should find from the evidence the existence of the contract as alleged by the plaintiff, then you must consider and determine whether there was a breach of the alleged contract on the part of the defendant and a loss to the plaintiff by reason thereof.

[5]   If you believe the agreement was made as testified to by the plaintiff, you should return a verdict for the plaintiff covering the loss which the evidence shows was sustained by him because of the defendants' breach, if any, of said agreement which loss would be any decrease in the price of the peaches because of their being overripe; any decrease in the price of the peaches because they had to be shipped in secondhand carriers; any decrease in the price of peaches that had to be shipped in baskets, and the value of those wholly lost, and any extra expenses the plaintiff was put to for labor and teams caused by the delay in picking, packing and hauling the peaches.

Verdict for plaintiff.